Filed 12/26/23  P. v. Portugal CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ALEJANDRO PORTUGAL,<br><br>Defendant and Appellant. | F084775<br><br>(Super. Ct. No. VHC422477)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, Christina H. Simpson, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Smith, J.

## INTRODUCTION

In 2004, appellant Daniel Alejandro Portugal was convicted by jury of first degree murder with special circumstances, torture, kidnapping, forcible anal or genital penetration by a foreign object, rape by a foreign object while acting in concert, and anal or genital penetration by foreign object of a person under the age of 18. In addition, various enhancements were found true for the personal use of a firearm, the use of a deadly weapon, and the infliction of great bodily injury. Portugal was sentenced to a term of life without the possibility of parole for murder.

In 2021, Portugal filed a petition seeking resentencing under former Penal Code[1] section 1170.95, now section 1172.6. The prosecutor filed in brief in opposition of Portugal's petition. Following oral argument by the parties, the trial court denied Portugal's petition.

On appeal, Portugal contends the trial court erred by denying his petition at the prima facie stage. We affirm.

## PROCEDURAL HISTORY

The following procedural history and statement of facts is derived from this court's record of appeal from *People v. Portugal* (Feb. 8, 2006, F046149) [nonpub. opn.], the record from Portugal's direct appeal.[2]

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

[2] The parties both filed requests for judicial notice of the record from Portugal's direct appeal. Portugal filed his request on December 6, 2022, and the Attorney General filed his request on July 17, 2023. The Attorney General initially opposed Portugal's request because the record did not clearly show whether these transcripts were available to the trial court at the time of the court's ruling on Portugal's petition. Portugal now opposes judicial notice in his opening brief on appeal. However, the parties' requests were never withdrawn.

On July 2, 2004, a jury convicted Portugal of first degree murder (§ 187, subd. (a)), torture (§ 206), kidnapping (§ 207, subd. (a)), forcible anal or genital penetration by foreign object (§ 289, subd. (a)), rape by foreign object while acting in concert (§§ 264.1 and 289, subd. (a)), and anal or genital penetration by foreign object of a person under the age of 18 (§ 289, subd. (h)). As to the murder, the jury further found, among other things, that Portugal "aided and abetted the murder with the intent to kill and by means of lying in wait" (§ 190.2, subd. (a)(15)), "aided and abetted with the intent to kill and by means of torture" (§ 190.2, subd. (a)(18)), "was engaged in the commission or attempted commission of the crime of kidnapping" (§ 190.2, subd. (a)(17)(B)), "was engaged in the commission or attempted commission of the crime of penetration with a foreign object" (§ 190.2, subd. (a)(17)(K)), "personally used a dangerous or deadly weapon, to wit: squeegee handle" (§ 12022, subd. (b)), and "personally used an AK47 assault rifle" (§ 12022.53, subd. (b)). (Unnecessary capitalization omitted.)

The trial court sentenced Portugal to life without parole for first degree murder, a consecutive life term for the torture conviction, a consecutive term of 25 years to life for the forcible anal penetration by foreign object conviction, and concurrent determinate terms for the kidnapping, rape in concert by foreign object, and anal penetration by foreign object of a person under the age of 18 convictions and the enhancements associated with these convictions that were found true.

---

We grant the parties' requests for judicial notice. (See Evid. Code, § 452, subd. (d) [permitting judicial notice of court records]; Evid. Code, § 459 [we may take judicial notice of the records in our cases]; Pen. Code, § 1172.6, subd. (d)(3) [authorizing the trial court to consider, at an evidentiary hearing, "evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed"].)

On December 28, 2021, Portugal filed a petition for resentencing (§ 1172.6).[3] The prosecutor filed a brief in opposition of Portugal's petition.

On July 14, 2022, following oral argument by the parties, the superior court denied Portugal's petition for resentencing at the prima facie stage.

A timely notice of appeal followed.

## STATEMENT OF FACTS

The following statement of facts is derived from this court's prior unpublished opinion in *People v. Portugal*, *supra*, slip opn. at p. 1:

> "Portugal and six others, Jorge Vidal, Jr., Gerardo P. Zavala, Gerardo Soto, Juan Soto, Keith J. Seriales, and Tyrone Ebaniz, lured 17-year-old Eric Jones to a house where they bound his hands and feet, taped his mouth, and then repeatedly beat, sodomized, and electrocuted him, after which they transported [Jones] to a rural area where he was shot ten times[, killing him]."

### *The Trial Court's Ruling at the Prima Facie Hearing*

The trial court denied Portugal's petition for resentencing finding that he failed to make a prima facie showing that he was entitled to relief under former section 1170.95. Because we review the correctness of the trial court's ruling and not the reasons for its ruling (see *People v. Zapien* (1993) 4 Cal.4th 929, 976), we do not recite the trial court's rationale supporting its decision.

---

[3] Portugal's petition for resentencing was filed as a "petition for resentencing and writ of habeas corpus." (Unnecessary capitalization omitted.) In addition to changes in the law made by the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.), Portugal challenged his conviction based upon newly discovered evidence and asserted that he is entitled to resentencing on several other grounds. The trial court separated Portugal's petition for resentencing (former § 1170.95) and his petition for writ of habeas corpus into separate proceedings. The only issue on appeal is whether Portugal is entitled to relief under former section 1170.95.

## ANALYSIS

### I.     Portugal is Ineligible for Resentencing Relief as a Matter of Law

Portugal contends that the trial court erred in denying his petition for resentencing at the prima facie stage.  We disagree.  The record of conviction demonstrates that he is ineligible for resentencing as a matter of law.

### A.     Section 1172.6

"Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule by adding section 189, subdivision (e).  [Citation.]  It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  [Citation.]  The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' "  (*People v. Harden* (2022) 81 Cal.App.5th 45, 50-51; *People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," initially codified in former section 1170.95.  (*People v. Strong, supra,* 13 Cal.5th at p. 708.)  The initial version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437."  (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) made substantive amendments to former section 1170.95 that were consistent with our Supreme

5.

Court's decision in *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*), and also " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

On June 30, 2022, the statute was renumbered as section 1172.6, without further substantive changes. (See *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) Section 1172.6, subdivision (a) thus states:

> "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
>
> > "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.
> >
> > "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.
> >
> > "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.* at subd. (c).) "After the

parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The prima facie determination is a question of law, and the trial court may deny a petition if the petitioner is ineligible for resentencing as a matter of law. (*Lewis, supra,* 11 Cal.5th at p. 966.) The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis,* at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

If the petitioner makes the requisite prima facie showing he or she is entitled to relief under section 1172.6, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).)

We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

**B.    Analysis**

The record from Portugal's direct appeal, including the jury's verdict forms, are part of the record of conviction. (*People v. Reed* (1996) 13 Cal.4th 217, 223 [the record of conviction includes "documents reliably reflecting the facts of the offense for which the defendant was convicted"]; *Lewis, supra*, 11 Cal.5th at p. 957 [as part of the record of conviction, the trial court may consider the prior appellate opinion, jury instructions, verdict form(s), and any special findings or enhancement allegations the jury found true to determine if the petition makes a prima facie showing of entitlement to relief].)

This record conclusively demonstrates, without " 'factfinding involving the weighing of evidence or the exercise of discretion,' " (*Lewis*, *supra*, 11 Cal.5th at p. 972) that Portugal is ineligible for resentencing relief as a matter of law. The verdict form on count 1, Portugal's conviction for murder, reflects the following, in relevant part:

COUNT ONE

> We, the Jury, find the defendant guilty as charged in Count One of the Information, of **MURDER IN THE FIRST DEGREE**, in Violation of Penal Code § 187, A FELONY; victim, ERIC JONES.

SPECIAL CIRCUMSTANCE - COUNT ONE
**LYING IN WAIT WITH INTENT TO KILL**

> We, the Jury, further find to be true the special circumstance
>
> that Defendant *Aided and Abetted the Murder with the intent to kill* and by
>
> means of Lying in Wait within the meaning of Penal Code § 190.2(a)(15).

SPECIAL CIRCUMSTANCE - COUNT ONE
**WITH INTENT TO KILL INVOLVING TORTURE**

> We, the Jury, further find to be true the special circumstance
>
> that Defendant *Aided and Abetted with the intent to kill* and by

8.

means of Torture within the meaning of Penal Code § 190.2(a)(18)."

(Italics added.)

The verdict forms conclusively refute Portugal's assertion that he could not be convicted of murder under the law as amended (see § 1172.6, subd. (a)(3)). By finding that Portugal aided and abetted with the intent to kill, the jury found that Portugal had acted with express malice.

Portugal claims the jury's special circumstance findings do not render him ineligible for relief. In support of his assertion, he directs this court to *People v. Strong, supra,* 13 Cal.5th 698 and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, neither of which are analogous to the case at bench.

In *People v. Strong,* our Supreme Court held that a jury's finding that the petitioner was a major participant who acted with reckless indifference to human life under section 190.2, subdivision (d), did not preclude a prima facie showing of eligibility for relief under section 1172.6 where those findings were made by a jury before the high court's decisions in *People v. Banks* (2015) 61 Cal.4th 788, 797-804 and *People v. Clark* (2016) 63 Cal.4th 522, 611-623. (*Strong, supra*, 13 Cal.5th at p. 721.)

Here, the jury did not find that Portugal was a major participant who acted with reckless indifference to human life. Rather, it found that Portugal was a direct aider and abettor who had acted with the intent to kill.

In *People v. Maldonado*, the petitioner was charged with first degree murder (§ 187, subd. (a)), with a special circumstance alleging that the murder was committed by means of lying in wait (§ 190.2, subd. (a)(15)). The jury was instructed on two theories of first degree murder: willful, deliberate and premeditated murder, and murder by lying in wait. The jury was also instructed on direct aiding and abetting. (*People v. Maldonado, supra*, 87 Cal.App.5th at p. 1260.) Maldonado was convicted of murder, but the jury found the special circumstance allegation not true. (*Ibid*.)

On appeal from the denial of a petition for resentencing (former § 1170.95), Maldonado argued that the record did not conclusively negate the possibility that malice had been imputed to him, because unlike the special circumstance allegation of lying in wait, intent to kill is not an element of first degree murder by lying in wait. (*People v. Maldonado, supra*, 87 Cal.App.5th at pp. 1262-1263.) The appellate court observed that the jury instructions given merely required the defendant to know of the perpetrator's intent to commit a surprise attack and to aid in that purpose. This did not, according to the court, require the jury to find that the defendant had acted with implied malice. (*Id*. at p. 1267.) Based upon the ambiguous jury instructions and the prosecutor's comments in closing argument, the appellate court agreed with Maldonado's assertion that the trial court had erred in denying his petition for resentencing at the prima facie stage. (*Id*. at p. 1269.)

Here, as distinct from *People v. Maldonado*, the record affirmatively demonstrates that the jury found true two special circumstance allegations alleging that Portugal had aided and abetted with the intent to kill. *People v. Maldonado* is distinguishable on that basis alone.

Portugal further contends that the record before the trial court at the time of its ruling did not affirmatively demonstrate his ineligibility for relief. But that does not change the fact that he has failed to show prejudice from the denial of his petition on appeal. We have granted judicial notice of the record of conviction from Portugal's direct appeal which conclusively demonstrates that he is ineligible for resentencing relief. Portugal has not and cannot show prejudicial error. We decline to remand this matter back to the lower court simply for the trial court to deny his petition. (*In re Vincent S.* (2001) 92 Cal.App.4th 1090, 1093 ["the law does not require idle acts"].)

The record of conviction conclusively negates the possibility that Portugal was convicted of murder on a theory of imputed malice. He is therefore ineligible for

resentencing relief under section 1172.6 as a matter of law. We therefore summarily reject his remaining contentions to the contrary.

## DISPOSITION

The trial court's July 14, 2022 order denying Portugal's petition for resentencing is affirmed.